UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWANE EUBANKS,

        Plaintiff,

vs.
        Case No. 07-CV-11403
        HON. GEORGE CARAM STEEH

COUNTY OF WAYNE; JACQUELINE LONBERGER
and "JANE DOE" employee of Wayne County
Sheriff's Department, the identity of whom
is presently unknown to the plaintiff;
individually,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
## FILED AS "OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL" (#2)

Plaintiff moves to remand this lawsuit to Michigan's Wayne County Circuit Court ("Objection to Defendant's Notice of Removal"). For the reasons discussed herein, removal was not improvidently granted and the motion to remand should be denied.

### I. Background

Plaintiff filed a complaint in Wayne County Circuit Court on December 8, 2006 alleging that he had been denied anti-seizure medicine and an examination to renew his medication while incarcerated in the Wayne County Jail in Detroit, Michigan, leading to an epileptic seizure and an inpatient hospitalization. Plaintiff named defendants as the County of Wayne, Jacqueline Longberger, RN, a nurse in the Wayne County Jail, and "Jane Doe" employee of Wayne County Sheriff's Department, a scheduler. Plaintiff's complaint alleges

violations of his civil rights under 42 U.S.C. § 1983, and gross negligence. Defendants removed the suit to federal court on March 30, 2007 based on federal question jurisdiction under 28 U.S.C. § 1331, supplemental jurisdiction under 28 U.S.C. § 1367, and removal statutes 28 U.S.C. §§ 1441 and 1446.

Plaintiff filed the instant motion to remand (filed as "Objection to Defendant's Notice of Removal") on April 2, 2007 arguing that since the defendant County of Wayne was served by certified mail on February 5, 2007, the Notice of Removal on March 30, 2007 did not meet the thirty day deadline for removal under 28 U.S.C. § 1446(b), and that defendants were in default in the Wayne County Circuit Court. Defendants maintain that since defendant Wayne County Jail Nurse Jacqueline Longberger was served on February 28, 2007 she had thirty days to remove her case under 28 U.S.C. § 1446(b), and that defendant County of Wayne, according to the Sixth Circuit precedent Brierly v. Alussuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999), could properly join in the removal even though it had not itself met the thirty day deadline. Defendants further maintain that they are not in default in state court.

## II. Thirty Day Filing Deadline for Notice of Removal

A defendant must file a notice of removal within thirty days of its receipt of the initial pleading. 28 U.S.C. § 1446(b). However, in the Sixth Circuit "a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." Brierly, 184 F.3d at 532-33. Furthermore, "a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove." Id. at 533 n.3.

Nurse Longberger, as a "later-served defendant," had thirty days from February 28,

2007 to remove her case to federal court. Removal of her case on March 30, 2007 was therefore timely, and the other defendants properly joined in this removal regardless of whether they had previously filed a timely notice of removal themselves.

### III. Default in State Court

Defendants properly note that the Judge Robert J. Colombo, Jr. of the Wayne County Circuit Court has dismissed the plaintiff's motion for default judgment. Furthermore, while Plaintiff has submitted a request and affidavit for an entry of default, there is no evidence that the clerk of the Wayne County Circuit Court has yet entered any default. Finally, an entry of default in state court does not nullify a proper removal under 28 U.S.C. § 1441; it is possible for a default to be set aside in federal court.

For the reasons set forth above, plaintiff's motion to remand is hereby DENIED.

SO ORDERED.

Dated: June 6, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 6, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk